UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED MICHAEL NEIFERD,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, *et al.*,<br><br>    Defendants. | Case No. C25-327-MLP<br><br>ORDER |

## I.    INTRODUCTION

Before the Court is Defendants Microsoft Corporation and Richmond Vlong Baker's (collectively "Defendants") Motion for a Protective Order. (Mot. (dkt. # 42).) Plaintiff Jared Michael Neiferd, proceeding *pro se*, has responded (Resp. (dkt. # 45)), and Defendants have replied (Reply (dkt. # 47)). Having reviewed those filings, the supporting materials, and the governing law, the Court GRANTS Defendants' Motion. The Court's reasoning follows.

## II.    BACKGROUND

This action concerns Mr. Neiferd's claims that his former employer unlawfully discriminated and retaliated against him by eliminating his position in 2023. (Dkt. # 2 at 1-20.) Defendants have denied these allegations. (Dkt. # 25.) During discovery, Mr. Neiferd produced

ORDER - 1

1  performance evaluations, referred to as "Connects," and similar documents. (First Loberstein
2  Decl. (dkt. # 43), ¶ 2.) These documents were also used as exhibits during his deposition. (*Id.*, ¶
3  4.)

4      Defendants assert that the "Connects" contain confidential and non-public information
5  warranting protection. (Baker Decl. (dkt. # 44), ¶ 4.) As examples, they identify information
6  concerning customer outages and vulnerabilities, specific code, customer relationships, internal
7  revenue and utilization targets, and detailed planning strategies. (Mot. at 4.) Defendants assert
8  that public dissemination of this information would irreparably harm their business and
9  customers. (*Id.*)

10     On March 12, 2025, Defendants proposed a stipulated protective order referencing the
11 Court's Model Order. This proposal included provisions designed to protect the confidentiality
12 of the "Connects" and similar documents. (First Loberstein Decl., ¶ 3; *id.*, Ex. A.) Mr. Neiferd
13 objected to Defendants' definition of "Confidential Material," advocating for a narrower scope
14 limited to legally protected information, personally identifiable information, trade secrets, and
15 medical records. (Neiferd Decl. (dkt. # 46), ¶ 4; First Loberstein Decl., ¶¶ 4-5; *id.*, Exs. B-C.)
16 Defendants rejected these proposed limitations (*id.*, ¶ 6), and subsequent discussions failed to
17 resolve the dispute, leading to the present motion (*id.*, ¶¶ 7-10).

18                 **III.    DISCUSSION**

19     "Rule 26(c) confers broad discretion on the trial court to decide when a protective order
20 is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467
21 U.S. 20, 36 (1984). The party seeking a protective order under Rule 26(c) must establish "good
22 cause," demonstrating that specific prejudice or harm will result if the order is not granted. *In re*
23

*Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

This dispute concerns the appropriate scope of the "Confidential Material" definition. Defendants seek a broad definition encompassing internal revenue targets, customer relationship details, and vulnerability information, arguing that public dissemination could cause harm. (*See* Mot. at 6-8; Reply at 2-6; *see also* dkt. # 43-1 at 48-49.) Conversely, Mr. Neiferd seeks a narrower definition focused on legally protected information, trade secrets, and personally identifiable data, excluding general business policies, personnel decisions absent trade secrets, and publicly available documents. (*See* Resp. at 4-8; *see also* dkt. # 43-1 at 20-21.)

Defendants have demonstrated good cause for a protective order. Courts routinely recognize the need to protect trade secrets or other confidential research, development, or commercial information. *See, e.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding that protective orders are appropriate to safeguard trade secrets and other confidential commercial information); *WATM LLC v. Payment Alliance Int'l, Inc.*, 2025 WL 1677558, at *1-2 (W.D. Wash. Apr. 11, 2025) (same); *Lauer v. Longevity Med. Clinic PLLC*, 2014 WL 5471983, at *7 (W.D. Wash. Oct. 29, 2014) (noting the need to protect sensitive personnel information, "including of persons not party to this lawsuit"). Further, disclosure of reports of protected activity can result in substantial harm or embarrassment to employees. *See Delaittre v. Berryhill*, 2017 WL 6310483, at *7 (W.D. Wash. Dec. 11, 2017).

Moreover, in April 2017, as a condition of his employment, Mr. Neiferd executed an agreement concerning confidential information. (Dkt. # 28, Ex. A.) This agreement defined "Confidential Information" broadly, as data relating to Defendants' business, technology, or

finances not generally known to the public. (*Id.*) That Mr. Neiferd agreed to keep this information confidential further supports a finding of good cause.

While Mr. Neiferd argues that Defendants must identify with specificity which documents require protection (Resp. at 3-7), a document-by-document showing is not required. The Court notes that "the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." *Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011); *see also Foltz*, 331 F.3d at 1133 ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."). As such, "[b]lanket protective orders are entered to facilitate the exchange of discovery documents" and "make no findings that a particular document is confidential or that a document's disclosure would cause harm." *Small v. Univ. Med. Ctr. of S. Nev.*, 2015 WL 1281549, at *3 (D. Nev. Mar. 20, 2015).

A court may issue a blanket protective order if the moving party makes a threshold showing of good cause on a generalized basis, agrees to invoke the designation in good faith, and provides the receiving party the right to challenge confidentiality designations. *See Henry v. Ocwen Loan Servicing, LLC*, 2018 WL 1638255, at *2 (S.D. Cal. Apr. 5, 2018). Defendants' proposed protective order, here, satisfies these requirements. (*See* dkt. # 42-1.) Moreover, Plaintiff's arguments regarding the public's general right of access to judicial records are misplaced. *See Tefft v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 2924079, at *1 (D. Nev. June 10, 2024) (noting "a party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records").

ORDER - 4

IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for a Protective Order (dkt. # 42). The parties are ORDERED to confer and propose a protective order consistent with this Order and with the applicable portions of the Local Rules within **seven (7) days** of the date of this order. If the parties are unable to agree on a proposed protective order by the deadline, the Court will enter a protective order consistent with this Order.

Dated this 30th day of September, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge